## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL ROBINSON, | : Civil No. 1:20-CV-1171 |
| Plaintiff, | : |
| v. | : |
| SUPERINTENDENT THERESA DELBALSO, *et al.*, | : |
| Defendants. | : Judge Jennifer P. Wilson |

### **MEMORANDUM**

Before the court is Robinson's motion for a temporary restraining order seeking to be examined by a qualified specialist who will establish a plan of treatment that Defendants would be required to follow. (Doc. 11, ¶ 10.) Defendants Correct Care Solutions and Physician Assistant ("PA") Williams ("Medical Defendants") have opposed the motion. (Doc. 61.) Superintendent Delbalso and Deputy White ("Commonwealth Defendants") have not filed a response to Robinson's motion. Robinson did not file a reply brief in support of his motion. The motion is now ripe for disposition. Because Robinson cannot demonstrate a likelihood of success on the merits of his Eighth Amendment medical claim related to his injured hand or that he will suffer irreparable harm if the injunction is denied, the court will deny the motion for injunctive relief.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Carl Robinson ("Plaintiff" or "Robinson") is a self-represented state inmate confined at the Mahanoy State Correctional Institution ("SCI-Mahanoy") in Frackville, Pennsylvania. He initiated this action on July 9, 2020, alleging that the Commonwealth Defendants interfered with his legal mail, interfered with his access to the courts, and threatened him. (Doc. 1.) He states that PA Williams treated him for a broken right hand, but did not refer him to an outside specialist or hospital for an MRI. He asserts that he has not received any physical therapy for his hand. (*Id*., ¶ 22.) He also claims that Medical Defendants' plan to monitor his blood sugar, blood pressure and cholesterol only bi-annually is inadequate care for these chronic conditions. (*Id*., ¶ 23.) Finally, he claims the Medical Defendants withheld medical care from him in retaliation for past complaints. (*Id*., ¶ 34.)

In his motion for a temporary restraining order, Robinson alleges that he broke his hand on March 20, 2019, and "was not giving (sic) proper treatment, or any therapy." (Doc. 11, ¶ 3.) Robinson requests that the court issue a "temporary restraining order requiring the Defendants to arrange for an examination, and [a] plan of treatment by qualified specialist, along with a preliminary injunction that would require the Defendants to carry out that plan." (*Id*., ¶ 10.) Robinson recites the allegations of his complaint in support of his motion for injunctive relief and claims his "hand will never be restored to its full range of usefulness" without the

2

requested relief. (*Id.*, ¶ 5.) Robinson does not provide any medical documentation in support of his claims.

Medical Defendants provide the sworn declaration of PA Williams in support of their opposition brief. (Doc. 60–1.) PA Williams is a licensed physician's assistant familiar with the treatment of fractures and broken bones. (*Id.*) She treated Robinson when he injured his hand on March 20, 2019. He complained of pain in his right pinky finger. She ordered x-rays of his hand and wrist and in the meantime splinted his finger. PA Williams also ordered Motrin to address Robinson's pain. The x–ray of Robinson's right hand and wrist revealed "a fracture involving a fifth metacarpal neck fracture." (*Id.*, ¶ 5.) "[T]he medical director reviewed the x–ray report noting the fracture, that the inmate was splinted and to follow-up as scheduled. Subsequent x-rays were taken on April 17, 2019, May 15, 2019, and in June 2019, as well as clinical follow-ups. All of the x-rays showed that the fracture was healing." (*Id.*, ¶ 6.) Robinson's final set of x–rays in October 2019 revealed "a completely healed fracture." (*Id.*)

PA Williams states "[t]here is no additional medical treatment Robinson requires." (*Id.*) She claims he does not need outside medical care or outside physical therapy. "Normal daily use of the finger is all that is needed with exercises that were discussed." (*Id.*) PA Williams adds that she has treated Robinson since October 2019, and "he has had no complaints of pain or problems

with his hand.  He also has not made any complaints of problems with his hand to other medical providers."  (*Id.*, ¶ 7.)

Robinson did not file a reply in support of his motion for a temporary restraining order.

## STANDARD OF REVIEW

"A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  A preliminary injunction maintains the *status quo* pending a final decision on the merits, whereas a "mandatory injunction" alters the status quo by granting injunctive relief before trial, and as such is appropriate only in extraordinary circumstances.  *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) ("A party seeking a mandatory preliminary injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity.")  Mandatory injunctions should be used sparingly.  *United States v. Price*, 688 F.2d 204, 212 (3d Cir. 1982).  A request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).

To obtain a preliminary injunction or temporary restraining order, the requesting party must show: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of the preliminary injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction. *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)); *see also* Fed. R. Civ. P. 65. If the first two "gateway factors" are satisfied, "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested relief." *Reilly*, 858 F.3d at 179. If a party cannot establish both a likelihood of success on the merits and a probability of irreparable harm, the issuance of a preliminary injunction is inappropriate. (*Id.*)

## DISCUSSION

Judged against these standards, and without expressing an opinion on the merits of Robinson's other claims, the court concludes that Robinson is unlikely to be successful in his Eighth Amendment claim against Medical Defendants for their treatment of his hand injury, and he has not shown that he will suffer irreparable harm if the injunction is denied.

To succeed on an Eighth Amendment claim of deliberate indifference, Robinson must demonstrate "(i) a serious medical need, and (ii) acts or omissions

… that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." *White v. Napoleon,* 897 F.2d 103, 108–09 (3d Cir. 1990).  Medical negligence alone cannot result in an Eighth Amendment violation, nor can disagreements of the professional judgment of a  health care who provides treatment.  *Id*.

First, Robinson has failed to demonstrate that he suffered a serious medical need related to his hand, and that Medical Defendants denied him treatment for that serious medical need.  Courts have routinely found that a broken finger does not satisfy the constitutional "serious medical need" standard.  *See Gray v. Wakefield*, No. 3:09-CV-0979, 2012 WL 2448010, at *6 (M.D. Pa. Sept. 28, 2012) ("Plaintiff informed Defendant Brown that his fingers might be broken and he had cuts, bruises, and bleeding in his mouth and teeth; however, the courts have repeatedly determined that such injuries do not constitute a serious medical need."); *Joh v. Suhey*, 709 F. App'x 729, 731 (3d Cir. 2017) (treatment of inmate's fractured finger did not rise to level of deliberate indifference where inmate received painkillers, x–rays, and physician determined no treatment other than "buddy taping" was necessary).

Regardless, even if Robinson's fifth metacarpal fracture *did* constitute a serious medical need, he has not shown the Medical Defendants were deliberately indifferent to that need. On the day of his injury, PA Williams splinted Robinson's injured hand, ordered a diagnostic x–ray, and provided him pain medication. The x-ray of his hand and wrist only revealed a fracture to his right pinky finger. Furthermore, over the course of the next 7 months, his hand was x–rayed repeatedly, and he was seen for clinical follow-ups until the facture was "completely healed." (Doc. 60–1, p. 2.)[1] According to PA Williams, Robinson has not had any complaints regarding his finger or requested any further treatment. Given the opportunity, Robinson has not contested these facts. In light of these uncontested facts, Robinson has not shown a likelihood of success on the merits of his Eighth Amendment claim concerning the care of his right hand.

Next, Robinson claims he will suffer irreparable harm in that his "hand will never be restored to its full range of usefulness" without the requested relief. (Doc. 11, ¶ 5.) However, Robinson fails to establish irreparable harm with these conclusory allegations alone. Robinson's October 2019 x–ray shows a healed fracture. PA Williams states that Robinson's fractured pinky finger is completely healed, and he does not need of further treatment for his injury. Robinson has seen PA Williams and other medical care providers since October 2019, and has not

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

complained of problems with his hand. Robinson does not dispute these facts. Absent a showing of "irreparable harm," the court may not grant a preliminary injunction or temporary restraining order.

## CONCLUSION

Robinson has failed to demonstrate his likely success on the merits of his Eighth Amendment claim, or that he will suffer irreparable harm if his request for injunctive relief is not granted. Under these circumstances, Robinson's motion for injunctive relief will be denied.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 31, 2021