# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL ROBINSON, | Civil No. 1:20-CV-1171 |
| Plaintiff, | |
| v. | |
| SUPERINTENDENT THERESA DELBALSO, *et al.*, | |
| Defendants. | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court are Defendants' motions to dismiss Plaintiff's amended complaint. (Docs. 47, 74.) The motion to dismiss filed by Correct Care Solutions, LLC ("CCS") and Physician Assistant ("PA") Williams (the "Medical Defendants") is premised on Robinson's alleged failure to state any "legal claims" against them or sign his amended complaint. (Docs. 47, 48.) In the motion to dismiss filed by the Defendants employed by the Pennsylvania Department of Corrections ("DOC) (Superintendent Theresa DelBalso, Deputy Superintendent Lori White, John Steinhart, Faith Walters, and Sergeant ("Sgt.") Torres) (the "DOC Defendants"), dismissal is requested based on Robinson's failure to state a claim against all DOC Defendants except Walters. (Doc. 74, 77.) For the reasons that follow, both Medical and DOC Defendants' motions to dismiss will be denied.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Carl Robinson ("Robinson" or "Plaintiff"), a self-represented individual housed at the Mahanoy State Correctional Institution ("SCI-Mahanoy") in Frackville, Pennsylvania, filed this action on July 9, 2020 concerning a dispute over his medical care and the theft of legal mail. (Doc. 1.) Prior to Defendants filing a response, Robinson filed an amended complaint, and then second and third amended complaints. (Docs. 15, 18, 19.) Because of the dissimilarity of the claims raised in the original complaint and the proposed amendments, the amended complaints were stricken from the docket. (Doc. 25.) On September 18, 2020, the court directed service of the original complaint on the named Medical and DOC Defendants. (Doc. 26.)

The Medical Defendants filed a motion to dismiss the complaint on October 28, 2000. (Doc. 33.) In response, Robinson filed a motion to amend, a proposed amended complaint, and a brief in opposition to Medical Defendants' motion to dismiss. (Docs. 40, 41.) The court accepted Robinson's amended complaint, Doc. 43, as the operative complaint and dismissed Medical Defendants' motion to dismiss without prejudice. (Doc. 42.)

In the amended complaint, Robinson identifies each Medical and DOC Defendant as a party. (Doc. 43.) He claims that on August 28, 2018, he asked Defendant Walters for proof of delivery and copies of legal mail that was allegedly

delivered to him on three separate dates in May and June 2018, but he never received. (*Id.*, ¶¶ 12–15.) He also claims Defendant DelBalso directed Defendant Walters to return Robinson's legal mail from the Third Circuit Court of Appeals on December 19, 2018. (*Id.*, ¶ 17.) Robinson alleges that since May 2018, SCI-Mahanoy has failed to forward his legal mail to him in retaliation for his filing of grievances against mailroom staff resulting in the dismissal "of his case and loss of his right to appeal." (*Id.*, ¶¶ 19-20.)

On March 20, 2019, Robinson punched a backboard on a universal weight machine, injuring his right hand. (*Id.*, ¶ 20.) When he went to the medical unit, PA Williams splinted it and gave him pain medication. PA Williams did not order an x-ray of Robinson's hand or send him to an outside facility for further diagnostic testing. (*Id.*, ¶ 21.) Robinson alleges that he broke his hand and that despite his request for additional pain medication and physical therapy, none was provided. Plaintiff alleges that physical therapy is not offered at the prison and that there is an "an informal policy" to give "low priority" to the medical needs of "all inmates especially R.T.U. inmates, refusing to provide them with medical care outside the institution unless their medical condition is life threat[e]ning." (*Id.*, ¶¶ 22–24.) Robinson alleges his hand is painful, improperly healed, and in need of remedial treatment. (*Id.*, ¶ 25.)

Additionally, Robinson claims that on September 10, 2019, he spoke to PA Williams about "being prevented from his finger sticks, blood pressure, and [having his] ch[ol]sterol checked within a six month period." (*Id.*, ¶ 28.) PA Williams advised that he did not need to check his sugar levels "because his number are OK" and that he is seen by a chronic care doctor every six months. (*Id.*) On February 12, 2020, Robinson was seen at the chronic care clinic. The physician advised him that since September 2019, his A1C level had risen from 7.2 to 10.2. The physician authorized "finger sticks" for Robinson and scheduled him for a follow up visit in three months. (*Id.*, ¶ 30.)

Robinson's final claim stems from an August 10, 2019 "unwarranted life threatening" incident with Sgt. Torres. (*Id.*, ¶ 26.) Robinson claims Sgt. Torres aggressively approached him making him "stop in his tracks," leaving him feeling "threatened, confused, and [his] PTSD worsened by the encounter." (*Id.*)

On December 4, 2020, Medical Defendants filed a motion to dismiss the amended complaint and supporting brief. (Docs. 47, 48.) The DOC Defendants filed a motion to Dismiss the complaint on December 22, 2020. (Doc. 51.) In the interim, Robinson filed another motion to amend and a proposed second amended complaint. (Doc. 63.) On March 31, 2021, the court dismissed DOC Defendants' motion to dismiss due to their failure to file a supporting brief. (Doc. 70.) The court also dismissed Robinson's second amended complaint, Doc. 63, and clarified

that Doc. 43, was the operative complaint.  (Doc. 71.)  On April 15, 2021, DOC Defendants filed a motion to dismiss the complaint.  (Doc. 74.)  On May 20, 2021, after receiving an enlargement of time to file a supporting brief, DOC Defendants filed a brief in support of their motion to dismiss the complaint.  (Doc. 77.)  On August 25, 2021, Robinson filed a brief in opposition to the DOC Defendants' motion to dismiss.  (Doc. 83.)  Robinson has neither filed an opposition brief nor sought an enlargement of time to respond to Medical Defendants' motion.  The motions are ripe for disposition.

## JURISDICTION

The court has jurisdiction over Robinson's action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to

survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), *cert. denied*, 140 S.Ct. 1611 (2020) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), *as amended* (Mar. 24, 2015).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014).  A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

### A.  Robinson States an Eighth Amendment Medical Claim against the Medical Defendants

To assert an Eighth Amendment claim of deliberate indifference, Robinson must demonstrate "(i) a serious medical need, and (ii) acts or omissions … that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners is sufficiently egregious to rise to the level of a constitutional violation." *White v. Napoleon,* 897 F.2d 103, 108–09 (3d Cir. 1990). Medical negligence alone cannot result in an Eighth Amendment violation, nor can disagreements with the professional judgment of a health care person who provides treatment. *Id*.

Liberally construing Robinson's amended complaint, Doc. 43, as the court must, the court disagrees with Medical Defendants' rationale they "are not provided with any notice of what the claims are that they must defend in violation of Rule 8." (Doc. 48, p. 7.) Medical Defendants state "[t]his is not a situation where the factual requirements for a claim have not been met. This is a situation where no claims appear in the Second Amended Complaint." (*Id.*) In support of this argument, Medical Defendants, citing *Rhett v. New Jersey State Superior Ct.*, 260 F. App'x 513 (3d Cir. 2008), argue that Robinson fails to submit a short and plain statement of his claims and his complaint is unintelligible. (Doc. 48, p. 7.)

7

In *Rhett*, 260 F. App'x 513, upon screening the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the court dismissed it, but granted plaintiff leave to file an amended complaint. The court then screened plaintiff's amended complaint and dismissed it with prejudice after finding it "incomprehensible" and "failed to afford fair notice to defendants as to the claims against which they would have to defend" because it did not contain a "short and plain statement" of the jurisdictional or substantive grounds for relief against the twenty named defendants. *Rhett*, 260 F. App'x at 515.

The court does not find Robinson's amended complaint, Doc. 43, as suffering from the same infirmities as the amended complaint in *Rhett*. Robinson states specific allegations concerning medical care rendered by PA Williams and CCS's "informal" policies that impeded his receipt of care for his hand injury. While not a model of clarity, Robinson's amended complaint clearly places the Medical Defendants on notice of "the claims against which they would have to defend." *Rhett*, 260 F. App'x at 515. The amended complaint is not so "incomprehensible" that Medical Defendants could not file a response or prepare a defense. As Robinson is self-represented, the court liberally construes his second amended complaint as asserting the following Eighth Amendment claims against the Medical Defendants: (1) On March 29, 2019, PA Williams was deliberately indifferent to Robinson's hand injury when she failed to order additional diagnostic

testing to evaluate the nature of his injury; (2) upon learning of Robinson's complaint of continuing pain, PA Williams failed to provide any follow up care (physical therapy or pain medication) upon request; (3) CCS has an informal policy of not sending inmates to outside facilities for care (diagnostic evaluation/testing or physical therapy) unless they suffer from a life threatening condition; and (4) PA Williams was deliberately indifferent to Robinson's chronic medical conditions when she failed to order regular "blood sugar finger sticks, cholesterol levels and blood pressure checked" between September 10, 2019 and February 12, 2020, which resulted in his elevated A1C level.  (Doc. 43, p. 8; Doc. 48, pp. 2, 8.)

    While the court takes no position as to the merits of these claims, Plaintiff's amended complaint, liberally construed, contains sufficient facts, accepted as true, to state a claim for relief that is plausible on its face.  *Iqbal,* 556 U.S. at 678.  Thus, Medical Defendants' motion to dismiss the amended complaint due to its failure to state a claim will be denied.

    To the extent that Medical Defendants seek the dismissal of the second amended complaint due to Robinson's failure to sign his complaint as required by Fed. R. Civ. P. 11(a), it too will be denied.  Rule 11(a) requires the court "to strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Robinson is self-represented.  The United

States Supreme Court has made clear that self-represented pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519 (1972).  In consideration of Robinson's self-represented status, and noting that his failure to sign his pleading is readily curable, the court will direct Robinson be provided with a copy of his second amended complaint, that he read the entire pleading, and sign the last page and promptly return it to the Clerk of Court for docketing.

    **B.**    **The DOC Defendants' Motion to Dismiss the Complaint is Denied as Moot**

The DOC Defendants' motion to dismiss is based on the original complaint, not the amended complaint.  *See* Doc. 77, p.1 ("Complaint ('Compl.'), Doc. 1 at ¶¶ 32-35.")  In general, an amended pleading "supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 221 (3d Cir. 2017).  On November 17, 2020, the court accepted Robinson's amended complaint as the operative pleading.  (Doc. 42.)  On March 31, 2021, the court again confirmed that Doc. 43, Robinson's amended complaint, was the standing complaint.  (Doc. 71.)  Accordingly, the DOC Defendants' motion to dismiss will be denied as it not based on the operative complaint.

## CONCLUSION

Both Medical and DOC Defendants' motions to dismiss, Docs. 47 and 74, will be denied. Robinson will be required to sign the second amended complaint, Doc. 43. Pursuant to Fed. R. Civ. P. 12(a)(4), Defendants will be required to file a timely response to the second amended complaint.

Dated: September 22, 2021

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania