IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERINTENDENT THERESA DELBALSO, *et al.*,<br><br>    Defendants. | Civil No. 1:20-CV-1171<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

**MEMORANDUM**

Presently before the court is a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) filed by Defendants Correct Care Solutions, LLC and Jenna Williams, PA ("Medical Defendants"). At this stage in litigation, there are limits to the evidence that the court can consider when addressing a dispositive motion. Because Defendants' motion is premised on evidence beyond what the court can consider, it will be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Carl Robinson ("Robinson" or "Plaintiff"), a self-represented individual housed at the Mahanoy State Correctional Institution ("SCI-Mahanoy") in Frackville, Pennsylvania, filed this action on July 9, 2020 concerning a dispute over his medical care and theft of legal mail. (Doc. 1.) Prior to Defendants filing a response, Robinson filed an amended complaint, and then second and third amended complaints. (Docs. 15, 18, 19.) Because of the dissimilarity of the

1

claims raised in the original complaint and the proposed amendments, the amended complaints were stricken from the docket. (Doc. 25.) On September 18, 2020, the court directed service of the original complaint on the named Medical and DOC Defendants. (Doc. 26.)

Medical Defendants filed a motion to dismiss the complaint on October 28, 2020. (Doc. 33.) In response, Robinson filed a motion to amend, a proposed amended complaint, and a brief in opposition to Medical Defendants' motion to dismiss. (Docs. 40, 41.) The court accepted Robinson's amended complaint, Doc. 43, as the operative complaint and dismissed Medical Defendants' motion to dismiss without prejudice. (Doc. 42.)

In the amended complaint, Robinson identifies each Medical and DOC Defendant as a party. (Doc. 43.) Only Robinson's allegations regarding the actions of Medical Defendants are summarized here. On March 20, 2019, Robinson punched a backboard on a universal weight machine, injuring his right hand. (*Id*., ¶ 20.) When he went to the medical unit, PA Williams splinted it and gave him pain medication. PA Williams did not order an x-ray of Robinson's hand or send him to an outside facility for further diagnostic testing. (*Id*., ¶ 21.) Robinson alleges that he broke his hand and that despite his request for additional pain medication and physical therapy, none was provided. Plaintiff alleges that physical therapy is not offered at the prison and that there is an "informal policy"

to give "low priority" to the medical needs of "all inmates especially R.T.U. inmates, refusing to provide them with medical care outside the institution unless their medical condition is life threat[e]ning." (*Id*., ¶ 25.)

Additionally, Robinson claims that on September 10, 2019, he spoke to PA Williams about "being prevented from his finger sticks, blood pressure, and [having his] ch[ol]sterol checked within a six month period." (*Id*., ¶ 28.) PA Williams advised that he did not need to check his sugar levels "because his number are OK" and that he is seen by a chronic care doctor every six months. (*Id*.) Plaintiff alleges that he filed a timely grievance, "however was told by RN/Houser, to put in a[] sick call slip." (*Id.,* ¶ 29.) On February 12, 2020, Robinson was seen at the chronic care clinic. The physician advised him that since September 2019, his A1C level had risen from 7.2 to 10.2. Th physician authorized "finger sticks" for Robinson and scheduled him for a follow up visit in three months. (*Id*., ¶ 30.)

On December 4, 2020, Medical Defendants filed a motion to dismiss the amended complaint and supporting brief. (Docs. 47, 48.) The DOC Defendants filed a motion to dismiss the complaint on December 22, 2020. (Doc. 51.) In the interim, Robinson filed another motion to amend and proposed second amended complaint. (Doc. 63.) On March 31, 2021, the court dismissed DOC Defendants' motion to dismiss due to their failure to file a supporting brief. (Doc. 70.) The

court also dismissed Robinson's second amended complaint, Doc. 63, and clarified that Doc. 43 was the operative complaint. (Doc. 71.) On April 15, 2021, DOC Defendants filed a motion to dismiss the complaint. (Doc. 74.) After the motions to dismiss were fully briefed, the motions were denied and Defendants were ordered to answer Plaintiff's complaint. (Doc. 90.)

DOC Defendants filed an answer on October 6, 2021. (Doc. 96.) Medical Defendants filed an answer on November 3, 2021. (Doc. 101.) The court entered a case management order requiring all discovery to be completed by May 31, 2022, and all dispositive motions and supporting briefs to be filed by June 30, 2022. (Doc. 106.)

On March 3, 2022, Medical Defendants filed a motion for judgment on the pleadings alleging that Plaintiff failed to exhaust his administrative remedies, and, as such, his complaint should be dismissed. (Doc. 115). Following an order directing a response, Doc. 132, Plaintiff filed a brief in opposition the motion. (Doc. 133). Defendant replied on May 4, 2022. (Doc. 134.) The motion for judgment on the pleadings is now ripe for consideration by this court.

## JURISDICTION

The court has jurisdiction over Robinson's action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

After the pleadings are closed, "a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts utilize the same standards for motions for judgments on the pleadings pursuant to Rule 12(c) as that for a motion to dismiss pursuant to Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("there is no material difference in the applicable legal standards"). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

## DISCUSSION

In their motion for judgment on the pleadings under Rule 12(c), Medical Defendants argue that Plaintiff failed to exhaust his administrative remedies.  (Doc. 115.)

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e et seq., requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations.  *See id.* § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).  Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  However, there are situations in which a grievance procedure may be rendered "unavailable" to an inmate, such as when a prison official thwarts an inmate's ability to use it, *Ross v. Blacke*, 578 U.S. 632, 643–44 (2016), when intimidation by means of "serious threats of retaliation and bodily harm" prevent an inmate from filing, *Rinaldi v. United* States, 904 F.3d 257, 266-67 (3rd Cir. 2018), or when a prison has "rendered its administrative remedies unavailable . . . when it failed to timely (by its own procedural rules) respond to [an inmate's] grievance and then repeatedly ignored his follow-up

requests for a decision on his claim," *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 154 (3d Cir. 2016).

Plaintiff's complaint includes an assertion that he exhausted his administrative remedies with respect to all claims and all Defendants. (Doc. 43, p. 5.) Amidst the allegations against Medical Defendants, Plaintiff stated that he "did file a timely grievance, however was told by RN/Houser, to put in a[] sick call slip." (Doc. 43, ¶ 29.) Defendants' brief in support of the Rule 12(c) motion summarizes three grievances by providing the grievance number, the date the grievance was filed, and a summary of the grievance content. (Doc. 116, p. 4–5.) Attached to the brief is an affidavit from Keri Moore from the Secretary's Office of Grievances and Appeals that states that these grievances were not filed against Defendant Correct Care Solutions, LLC and attached a table of all the grievances filed by Plaintiff including the grievance number, the facility, the grievance category, the grievance status, and the date the grievance was received. (Doc 116-2.) The grievances themselves are not attached.

Defendants' Rule 12(c) motion is premised on materials outside of the pleadings. Despite the summary of grievances contained in Defendants' brief, Doc. 116, p. 4–5, nothing in the affidavit and table of grievances attached to the brief states whether the grievances were filed against Defendant Williams or what the actions were that gave rise to the grievances. Therefore, Medical

Defendants are asking the court to rely on their summary of evidence that is not properly before the court in determining a motion under Rule 12(c).

Federal Rule of Civil Procedure 12(d) provides as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d). Rule 56(c) requires that the parties have at least ten days' notice before the court may consider the motion for summary judgment, and the opportunity to submit pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. The Third Circuit has held that while "it would be desirable in the interest of clarity for an order to notify expressly the parties that the court was converting a motion to dismiss into one of 'summary judgment' or that the ruling would be pursuant to 'Rule 56,' the court need not be so explicit so long as the order otherwise fairly apprises the parties of the proposed conversion." *Rose v. Bartle*, 871 F.2d 331, 342 (3rd Cir. 1989). Even motions under Rule 12 that are drafted as alternative motions for summary judgment under Rule 56 are sufficient to put the other parties on notice. *Latham v. U.S.*, 306 Fed.App'x. 716, 718 (3rd Cir. 2009).

Here, Defendants' motion was clearly filed pursuant to Rule 12(c), and it did not include an alternative motion under Rule 56. (Doc. 116.) No notice of

8

conversion was provided by the court.  Furthermore, Defendant's response was framed as a response to a Rule 12(b)(6) motion, demonstrating that he was not put on notice of any potential Rule 56 summary judgment decision.  (Doc. 133.) Therefore, there was not proper notice for the court to convert the Rule 12(c) motion into a Rule 56 motion for summary judgment.  Since the Rule 12(c) motion is premised on evidence outside the court's purview, it will be denied.

## CONCLUSION

Medical Defendants' motion for judgment on the pleadings under Rule 12(c), Doc. 115, will be denied.  Medical Defendants may renew their administrative exhaustion challenge via a motion for summary judgment under Rule 56.  The court is required to notify the parties that it will consider exhaustion in its role as a fact finder under *Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013) and provide Robinson an "opportunity to respond."  *Paladino v. Newsome*, 885 F.3d 203, 211 (3rd Cir. 2018).  Should Medical Defendants do so, Robinson will be on notice that this court will consider exhaustion in its role as a fact finder under *Small* and he will be given an opportunity to respond through the summary judgment briefing process.

                                              s/Jennifer P. Wilson
                                              JENNIFER P. WILSON
                                              United States District Court Judge
                                              Middle District of Pennsylvania

Dated:  June 21, 2022